# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JIMMY D. PORTEE, ) | CIVIL ACTION NO. 9:15-3375-RMG-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN, BROAD RIVER ) | |
| CORR. INST., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by counsel.

Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 19, 2015, following which Petitioner filed a response in opposition on November 5, 2015. This matter is now before the Court for disposition.[1]

**Procedural History**

Petitioner was indicted in the January 2007 term of the Richland County Court of General Sessions for armed robbery [2007-GS-40-10684], two counts of assault and battery of a high and aggravated nature (ABHAN) [2007-GS-40-10685 - 10686], and failure to stop for a blue light [2007-GS-40-11829]. (App.pp.774-784). Petitioner was represented by James Cooper, Esquire, and

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Casey Secor, Esquire, and proceeded to a jury trial on his charges on September 2, 2008 through September 4, 2008. (App.p.1). The jury found Petitioner guilty as charged, and he was sentenced to concurrent sentences of life imprisonment without the possibility of parole for armed robbery, ten years' imprisonment for both ABHAN convictions, and three years' imprisonment for failure to stop for a blue light. (App.pp.610-11, 622-23).

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals. (App.p.625). He was represented by Wanda H. Carter, Deputy Chief Appellate Defender, South Carolina Commission on Indigent Defense, Division of Appellate Defense, and raised the following issue: "The lower court erred in denying appellant's motion for a directed verdict of acquittal on the armed robbery charge because there was insufficient proof on the element of whether there was a deadly weapon present, or a representation of a deadly weapon present, in the case." (App.p.628). On October 12, 2010, the Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion [2010-UP-435]. (App.pp.646-653).

On November 19, 2010, Petitioner filed an application for post-conviction relief (APCR) in the Richland County Court of Common Pleas [2010-CP-40-8149]. Petitioner raised the following issues in his application:

> **Ground One:** Ineffective Assistance of Counsel. <u>Supporting Facts</u>: Counsel allowed many procedural errors / violation of S.C. Code 17-25-45 (sect) (h) failure to inform and or give notice
>
> **Ground Two:** U.S. Constitutional Violation 6th Amendment. <u>Supporting Facts</u>: Counsel failed to protect my constitutional rights and altered these procedural irregularities which deprived me of my right to a fair trial
>
> **Ground Three:** Due process violations / inadmissible evidence used for conviction. <u>Supporting facts</u>: Counsel failed to object to testimony of a witness, that never made statements, never was confirmed as a witness by law enforcement, and which was hearsay.



(App.pp.656-57). Petitioner was represented by David E. Belding, Esquire, and an evidentiary hearing was held on September 10, 2012. (App.p.669). The PCR judge thereafter denied Petitioner's application by way of an order of dismissal entered on November 19, 2012. (App.p.756).

Petitioner filed a notice of appeal on November 27, 2012; see Court Docket No. 7-9 at 1; followed by a petition for a writ of certiorari in the South Carolina Supreme Court, wherein he raised the following issue:

> Whether Petitioner's Sixth Amendment right to effective assistance of counsel was violated when trial counsel failed to object to inadmissible hearsay statements in his trial for armed robbery which constituted the only evidence that petitioner had a gun?

See Court Docket No. 7-10. The Supreme Court denied the petition. See Court Docket No 7-12. The remittitur was issued on September 29, 2014. See Court Docket No. 7-13.

Petitioner then filed this federal habeas petition on August 24, 2015, raising the following issue:

> **Ground One**: Ineffective assistance of counsel - Failure to object to hearsay statements. Supporting facts: Trial counsel failed to object to hearsay statements by a witness who was not present at trial and did not testify. These hearsay statements were the primary support for the possession of a weapon, which was an essential element of the crime of conviction.

See Petition, p.6.

## Discussion

Respondent contends it is entitled to summary judgment on Petitioner's sole claim in his Petition that trial counsel were ineffective for failing to object to certain hearsay statements at trial. See Return, p.33. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

3



judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Here, after careful review and consideration of the arguments presented, the undersigned concludes that the Respondent is entitled to summary judgment in this case.

**I.**

This Court may only grant habeas relief with respect to any claim that was adjudicated on the merits in state court if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See § 2254(d)(1-2); see also Williams v. Taylor, 529 U.S. 362, 411 (2000) ["[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."].

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 694 (1984). In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.

In his habeas petition, Petitioner argues trial counsel were ineffective because they



4

failed to raise hearsay objections to the testimony of Tracey Anderson and Joan Hooks about statements they heard from Michael Murphy. See Petition, p.6. Specifically, Petitioner argues that Murphy's statements were the primary evidence supporting the jury's finding that Petitioner was armed during the robbery,[2] and that not objecting to the statements as inadmissible hearsay was not a reasonable trial strategy. Id.

Petitioner was accused of robbing a Family Dollar store in Richland County with a deadly weapon or while representing to the victims that he had a deadly weapon. (App.p.775). The record reflects that Tracey Anderson, the victim and a store manager, testified for the State at trial. (App.p.198). Anderson testified Petitioner held her by her hair with one hand while he demanded money from the cash register. (App.pp.225-27). She also testified Petitioner used his other hand to create a bulge in the pocket of his yellow jacket, which, combined with Petitioner's threat that he would kill her, caused her to believe he was armed. (App.pp.227-28). Anderson placed some cash in a bag and Petitioner took the bag and left the store. (App.pp.231-32). Anderson then testified as follows:

> After he left the store I called 911. I ran to the back and I called 911. But before I ran to the back, Michael Murphy, the minister, came around to the front. And he began to ask me was I robbed, and I said yes. That's when he ran around to the back to see the robber, and that's when he identified the car and that's when he said the robber pulled out a pistol on him. And he just threw up his hand like that.

---

[2] To prove armed robbery in South Carolina, the State must show that the defendant was either armed with a deadly weapon or that he alleged to the victim or victims that he was armed with a deadly weapon. See S.C. Code Ann. § 16-11-330(A) (2015) ["A person who commits robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon, or while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon, is guilty of a felony."].



(App.pp.232-33).

Joan Hooks, a customer who witnessed the robbery, also testified for the State at trial. Hooks testified that after Petitioner left the store, a reverend or minister from the church next to the store ran through the store following Petitioner. (App.pp.275). She testified the minister returned to the store after chasing Petitioner and was able to describe Petitioner's car. (Id.). She further testified the minister's demeanor was "very excited" when he returned to the store. (Id.).

Officer Bouknight, who investigated the robbery, testified that upon a search of Petitioner and Petitioner's car and his investigating of the incident, a yellow jacket belonging to the Petitioner was found with a blue cobalt utility knife in the right pocket. (App.p.440).

At the PCR hearing, Petitioner testified he did not know Murphy, that Murphy did not testify at trial, and that Murphy's purported statement, as testified to by Anderson and Hooks, was prejudicial to his case and trial counsel was ineffective for failing to object to it. (App.p.683). He further testified that trial counsel's failure to object to Hooks' and Anderson's testimony about Murphy's statement prevented Petitioner from being able to challenge Murphy's credibility as he was not able to face his accuser, a right he is guaranteed by the Sixth Amendment. (App.p.688). Petitioner testified that the State gave no explanation for why Murphy was not called as a witness. (Id.).

Trial counsel Cooper testified that Murphy was on the State's witness list but, based on conversations they had with the solicitor before trial, they were aware Murphy would not be available to testify. (App.pp.727-28). He testified they thought Murphy's absence would look bad for the State, so they decided to allow the State to elicit testimony about Murphy, which allowed them to draw the jury's attention to Murphy's absence during their closing argument. (App.pp.727-29).



He testified their strategy was to "punch a hole" in the State's case by raising questions about why the State did not call Murphy to testify, when Murphy should have been a credible witness based on his position as a minister or reverend. (App.pp.727, 728). Trial counsel Secor agreed with Cooper's testimony that they intentionally allowed Anderson to testify about Murphy so they could emphasize to the jury that the State failed to call Murphy as a witness. (App.pp.745-46).

The PCR judge found trial counsel were not ineffective for failing to object to Anderson's and Hooks' testimony as hearsay. (App.pp.762-63). The PCR judge concluded that trial counsel's decision was a reasonable and valid trial strategy, and further found Petitioner was not prejudiced because the State presented overwhelming evidence of Petitioner's guilt, and therefore no reasonable probability existed that the outcome of his trial would have been different had an objection been made. (App.p.763).

The undersigned finds the PCR judge's decision is not contrary to, and did not involve an unreasonable application of, clearly established federal law. See § 2254(d)(1). The evidence presented at trial showed Petitioner used a utility knife during the robbery, and that Petitioner affirmatively represented to the victims that he had a deadly weapon by placing one hand in his jacket pocket to create a bulge, whether with his hand or a weapon, and threatening to kill the victims. As explained in the Court of Appeals' opinion from Petitioner's direct appeal, this was substantial circumstantial evidence that Petitioner was armed with a deadly weapon or had represented he was armed with a deadly weapon. (App.pp.652-53). Accordingly, even without the evidence of Murphy's statement that Petitioner was armed with a gun, the State presented sufficient evidence to show Petitioner was "armed" under § 16-11-330(A). Further, Murphy's purported statement was evidence that was highly incredible given the investigating officers' failure to find a gun, and coupled

7



with the fact that Murphy was not called to testify, trial counsel's strategy of allowing Murphy's statements into evidence to attack the holes in the State's case was reasonable. Indeed, the reasonableness of this strategy is supported by a note sent by the jury during deliberations asking about Murphy's whereabouts, which showed the defense was effective in seeding doubt in the jury's minds about that evidence. (App.pp.618-19).

Based on the foregoing, the PCR judge's finding that trial counsel were not ineffective was not an unreasonable application of the Strickland test. See Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002) ["Because it may be tempting to find an unsuccessful trial strategy to be unreasonable, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'"] [quoting Strickland, supra]. Further, the PCR judge's finding that Petitioner failed to show prejudice was not contrary to, or an unreasonable application of, federal law, as even had trial counsel successfully moved to exclude Murphy's statements as inadmissible hearsay, the outcome of Petitioner's trial would not likely have been different because the other evidence presented by the State was sufficient to find Petitioner was armed under §16-11-330(A).[3] Accordingly, the PCR judge's decision was not

---

[3]It is also worth noting that it is not even a settled issued that Anderson's and Hooks' testimony about Murphy's statements was inadmissible hearsay. At trial, Hooks described Murphy's demeanor as "excited" when he made the statement about Petitioner brandishing a gun, and under the South Carolina Rules of Evidence, such testimony may fall under the "excited utterance" exception to the rule against hearsay because Murphy made the statements just after he encountered a fleeing armed robber. See Rule 803(2), SCRE [excepting from the rule that hearsay is inadmissible statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."]; see also State v. Burdette, 515 S.E.2d 525 (S.C. 1999) [explaining that an excited utterance "need only be substantially contemporaneous" with the event or condition giving rise to the utterance]. Accordingly, trial counsel may not have had a basis
(continued...)



an unreasonable application of the Strickland test for finding prejudice. See Harrington v. Richter, 562 U.S. 86, 111 (2011) ["In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. Instead, Strickland asks whether it is 'reasonably likely' the result would have been different."] (citations omitted).

Therefore, Petitioner's claim for relief in his Petition is without merit and should be dismissed.

## II.

In addition to the claim presented by Petitioner in his Petition (discussed hereinabove in Section I, supra), in his response to Respondent's motion for summary judgment Petitioner argues, for the first time, that trial counsel were ineffective for failing to object to Anderson's and Hooks' testimony on Confrontation Clause grounds. See Court Docket No. 9. However, to the extent Petitioner is now attempting to raise this as a new claim in his response to Respondent's motion for summary judgment, it is procedurally barred from consideration by this Court.

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) [citing McCarver v. Lee, 221 F.3d 583 (4th Cir. 2000)]. "'A state rule is adequate if it is firmly established,' James v. Kentucky, 466 U.S. 341,

---

³(...continued)
under South Carolina's hearsay jurisprudence to object to the testimony. However, that is not an issue that needs to be reached or decided in this case.



348, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984), and regularly and consistently applied by the state court, Johnson v. Mississippi, 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988)." *Id*. In light of this jurisprudence, Petitioner's Confrontation Clause argument is procedurally barred under independent and adequate state procedural rules because the claim was neither ruled on by the PCR judge or raised in Petitioner's PCR appeal. See Plyler v. State, 424 S.E.2d 477, 478 (1992) [stating the issue was not preserved for review where it was neither raised to nor ruled on by the PCR judge]; McCray v. State, 455 S.E.2d 686, n.1 (S.C. 1995) [issues not raised in a petition for a writ of certiorari from the denial of a petitioner's PCR application are not preserved for appellate review].

The record reflects that at the PCR hearing, Petitioner testified Murphy's statements violated his right to confront his accuser, and that his trial counsel were ineffective for failing to object to testimony about the statements. (App.p.683). However, the PCR judge's order of dismissal only addressed whether trial counsel were ineffective for failing to object to the admission of the statements on hearsay grounds. (App.p.763). If Petitioner wanted a Confrontation Clause issue considered by the PCR court as an ineffective assistance claim and it was not, a motion for the PCR court to reconsider its order denying his APCR was necessary to have this issue considered if Petitioner wanted to assert or preserve this issue. Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)[A "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order."] (citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]. Petitioner did not file a Rule 59(e), SCRCP, motion to alter or amend the judgment to have this issue addressed. See Marlar v. State, 653 S.E.2d 266, 267 (2007) [stating issues are not preserved for review where the PCR applicant fails to make a Rule 59(e) motion asking the PCR judge to make



specific findings of fact and conclusions of law on his allegations]; see also Plyler v. State, 424 S.E.2d at 478-480 (S.C. 1992) [issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see also Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747); see also Marlar v. Warden, Tyger River Correctional Institution, 432 Fed.Appx. 182, 186-188 (4th Cir. May 25, 2011). Nor did Petitioner raise this issue in his PCR appeal. Court Dkt. No. 7-10 at 3; McCray, 455 S.E.2d 686, n.1 [issues not raised in a petition for a writ of certiorari from the denial of a petitioner's PCR application are not preserved for appellate review]; see also George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); cf. Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert, denied, 528 U.S. 959 (1999)"In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.] (quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir.1995) (quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994)).

Because Petitioner did not properly raise and preserve this issue in his state court proceedings, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State



Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because this issue was not *properly* pursued and exhausted by the Petitioner in state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner has not presented any arguments to show cause for his procedural default



of this claim. See generally Memorandum in Opposition to Summary Judgment. Therefore, as this issue was not preserved for federal habeas review; Joseph, 184 F.3d at 328; Townes, 68 F.3d at 846; Mallory, 27 F.3d at 995; and since Petitioner has failed to even present any argument as to cause, he has failed to cure the procedural default of this claim. As such, Petitioner's Confrontation Clause argument is barred by independent and adequate state procedural rules, and this claim is barred from federal habeas review. See Lawrence, 517 F.3d at 714; see also Coleman, 501 U.S. at 750 [Federal review of procedurally defaulted claim barred "unless the prisoner can demonstrate cause for the default and actual prejudice . . ."]; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, to the extent Petitioner is arguing that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was convicted. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this Confrontation Clause claim is not considered. Wainwright



13

v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, to the extent Petitioner has intended to assert this issue as a separate claim, it is procedurally barred from consideration by this Court and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 3, 2016
Charleston, South Carolina

14



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

