IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jimmy D. Portee, | Civil Action No. 9:15-3375-RMG |
| Petitioner, | |
| v. | ORDER |
| Warden, Broad River Correctional Institution, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. No. 10), recommending summary judgment for Respondent and dismissal of the Petition for a writ of habeas corpus. For the following reasons, the Court adopts the Report and Recommendation, grants summary judgment for Respondent, and dismisses the Petition.

## I. Background

Petitioner was accused of robbing a Family Dollar store with a deadly weapon or while representing to the victims that he had a deadly weapon. At trial, the store manager testified that Petitioner demanded money from the cash register while holding her by her hair with one hand and creating a budge in the pocket of his yellow jacket with his other hand. Petitioner left the store with a bag of money. The store manager further testified,

> After he [Petitioner] left the store I called 911. I ran to the back and I called 911. But before I ran to the back, Michael Murphy, the minister, came around to the front. And he began to ask me was I robbed, and I said yes. That's when he ran around to the back to see the robber, and that's when he identified the car and that's when he said the robber pulled out a pistol on him.

(Dkt. No. 7-1 at 232–33.) A customer who witnessed the robbery testified that after Petitioner left the store, a minister from the church next to the store ran through the store following Petitioner,

-1-

and, after returning to the store, was able to describe Petitioner's car. Police testified that a search of Petitioner's car found a yellow jacket with a blue Cobalt utility knife in the right pocket.

At trial, Mr. Murphy was on the State's witness list, but he was not available to testify because he was a fugitive from justice. (Dkt. No. 7-3 at 228.) At subsequent post-conviction relief ("PCR") proceedings, Petitioner's trial counsel, James Cooper, testified that he decided, as a strategic decision, to allow the State to elicit hearsay testimony from the store manager and customer about the minister's statement that Petitioner had a pistol, so that the defense could draw the jury's attention to the minister's absence during closing argument. He testified that his strategy was to question why the State would not call a minister as a witness—presumably a highly credible witness—and instead leave it to other persons to report what the minister saw.

Petitioner was convicted of armed robbery, two counts of assault and battery of a high and aggravated nature, and failure to stop for a blue light, on September 4, 2008. He was sentenced to life without possibility of parole for armed robbery plus additional terms of imprisonment for the other charges. Petitioner appealed, claiming that the trial court erred in denying his motion for a directed verdict on the armed robbery charge because there was insufficient proof of the element of whether a deadly weapon or a representation of deadly weapon was present. On October 12, 2010, the Court of Appeals affirmed his convictions and sentences.

On November 9, 2010, Petitioner filed a PCR application, claiming, *inter alia*, that trial counsel was ineffective for failing to object to the hearsay testimony concerning Mr. Murphy's statements, which he alleged was the primary proof of the element of whether a deadly weapon was present. An evidentiary hearing was held on September 10, 2012, after which the PCR court denied Petitioner's application. Petitioner filed a petition for a writ of certiorari in the South

Carolina Supreme Court, raising the ineffective assistance of counsel claim. His petition was denied on September 29, 2014 (date of remittitur).

On August 24, 2015, Petitioner filed the present Petition for a writ of habeas corpus, claiming ineffective assistance of counsel for failure to object to hearsay statements at trial. Respondents moved for summary judgment on October 19, 2015 (Dkt. No. 8); the Magistrate Judge filed a Report and Recommendation recommending summary judgment for Respondents on February 3, 2016 (Dkt. No. 10); and Petitioner timely filed objections to the Report and Recommendation on February 22, 2016 (Dkt. No. 11).

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

**B.     Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**C.     Habeas Corpus**

   1.     <u>Standard for Relief</u>

Claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also White*, 134 S. Ct. at 1702 (stating that "'[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'") (quoting *Harrington*, 562 U.S. at 103).

Therefore, when reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and providing that "even clear error will not suffice") (internal quotation marks and citation omitted). Moreover, review of a state court decision does not require an opinion from the state court explaining its reasoning. *See Harrington* at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d),

a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102. And state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. <u>Procedural Default</u>

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted).

Generally, a federal habeas court should not review the merits of claims procedurally defaulted (or barred) under independent and adequate state procedural rules. *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider

the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### D.    Ineffective Assistance of Counsel

When claiming habeas relief due to ineffective assistance of counsel at trial, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must apply a "strong presumption" that trial counsel's representation fell within the "'wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787. This is a high standard, one in which a habeas petitioner alleging prejudice must show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would have been "reasonably likely" different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the Court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S. Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Id.* In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s 'deferential standards." *Id.*

Courts are reluctant to characterize tactical or strategic decisions by trial counsel as ineffective assistance. *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). A "strong presumption" exists that counsel's actions were the function of trial tactics and not "sheer neglect." *Harrington*, 131 S. Ct. at 790. This rule, however, is not absolute where the purported strategic decision is based upon an error or ignorance of the law by trial counsel. *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2nd Cir. 2009) (omissions based upon "oversight, carelessness, ineptitude or laziness" cannot be explained as "trial strategy"); *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007) (a strategic choice made without a professionally competent investigation of the Petitioner's options is "erected upon . . . a rotten foundation" and is not entitled to deference).

### III. Analysis

At the PCR evidentiary hearing, trial counsel explained his strategic reasons for not objecting to hearsay testimony concerning statements by Mr. Murphy. The PCR court found that trial counsel's performance was not deficient under *Strickland* because his decision was a reasonable and valid trial strategy. In fact, during deliberations the jury sent a note asking about Mr. Murphy's whereabouts—a fact suggesting that trial counsel's strategy was effective. The PCR court also found that the decision did not prejudice Petitioner at trial because the State presented overwhelming evidence of his guilt; therefore, if an objection had been made there would have been no reasonable probability of a different outcome.

The Magistrate Judge found that the PCR court's decision was not an unreasonable application of federal law, *i.e.*, the *Strickland* standard, and that Petitioner's claim for relief "is without merit." (R. & R. 7–9.) This Court agrees. Petitioner raises no allegation of neglect or of ignorance of the law on the part of trial counsel. Instead, Petitioner complains that trial counsel's strategy was, in hindsight, less effective than Petitioner thinks a strategy of raising hearsay objections would have been. But the record before the court indicates that trial counsel made an

-8-

effective strategic decision, and that Petitioner was nonetheless convicted simply because effective representation at trial could not overcome overwhelming evidence of Petitioner's guilt.

In his objections to the Report and Recommendation, Petitioner argues that failure to object to exculpatory hearsay evidence can never be a valid trial strategy. Petitioner cites no authority for his purported *per se* rule, and the facts of this case provide a counterexample against any such rule. Hearsay is inadmissible because it is unreliable. Allowing less reliable evidence to be introduced so that the defense may discredit it, and perhaps in the process raise broader doubts about the State's case, can be a valid strategy. Where, as here, the evidence against the defendant would be overwhelming even if the hearsay were excluded, that may be the best possible strategy.

In his response to Respondent's motion for summary judgment (Dkt. No. 9), Petitioner asserts a new claim for relief: trial counsel was ineffective because his failure to object to testimony about Mr. Murphy's out-of-court statements violated his Confrontation Clause rights. The Magistrate Judge found that new claim to be procedurally barred. Although Petitioner did present that argument to the PCR court (orally at the evidentiary hearing), the PCR court's order of dismissal did not address it. To preserve the issue, Petitioner was required to file a motion for the PCR court to reconsider its order. *Al-Shabazz v. State*, 527 S.E.2d 742, 747 (S.C. 2000) ("[A] party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order."). Nor was this issue raised in Petitioner's PCR appeal. Petitioner has not presented any arguments showing cause for his procedural default of this claim, and Petitioner has not presented any new evidence that might support a claim of actual innocence. *Cf. Coleman*, 501 U.S. at 750. Therefore, the Court agrees with the Magistrate Judge's finding that this new claim is procedurally barred.

In his objections to the Report and Recommendation, Petitioner asserts that his Confrontation Clause argument is not a new claim, but "is intertwined with the hearsay argument in this matter, it should be considered as part of that claim, rather than a separate claim." (Obj. 2.) Yet Petitioner "concedes that the argument [] made since [] PCR has not specifically been labelled a 'Confrontation Clause' argument" and that "the United States Supreme Court has not equated the Confrontation Clause and the evidentiary hearsay rule." (*Id.*) The Court is not persuaded that the claim is not, as the Magistrate Judge found, procedurally barred. Nonetheless, since, when a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue," *George*, 971 F.2d at 1118, the Court will, *arguendo*, briefly consider the merits of Petitioner's Confrontation Clause argument.

Petitioner asserts that there is no need to show prejudice under *Strickland* where there is a purported violation of the Confrontation Clause. (Resp. to Mot. Summ. J. 2.) That is an incorrect statement of the law. *See Jones v. Clarke*, 783 F.3d 987, 991–92 (4th Cir.), *cert. denied*, 136 S. Ct. 186 (2015). And the fact that trial counsel presumably could have objected to admission of the hearsay evidence at issue on Sixth Amendment grounds in addition to Rule 802 grounds adds nothing to the analysis of whether trial counsel's deliberate decision not to object was deficient performance under *Strickland*. The PCR court found that it was a reasonable trial strategy; the Magistrate Judge found that finding to be a reasonable application of *Strickland*; this Court agrees with the Magistrate Judge's finding. Therefore, even if Petitioner's Confrontation Clause claim were not procedurally barred, it would fail.

## IV.  Conclusion

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge (Dkt. No. 10) is **ADOPTED** as the Order of this Court, Respondent's motion for summary judgment

(Dkt. No. 8) is **GRANTED**, and the Petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 25, 2016
Charleston, South Carolina